WEIGHTMAN (ZANTZINGER v.). See Case No. 18,202.

## Case No. 17,360.
### WEIHENMYER et al. v. ARTHUR.
[22 Int. Rev. Rec. 368.]

Circuit Court, S. D. New York. Nov. 3, 1876.

CUSTOMS DUTIES—SLIPPER PATENTS—EMBROIDERY—BEAD ORNAMENTS—MANUFACTURES OF PAPER—PRINTED MATTER.

[1. Slipper patterns made of cotton canvas embroidered with worsted, and designed to be filled with more embroideries, are dutiable as embroidered manufactures of cotton, and not as manufactures of worsted.]

[2. Slipper cases consisting of cotton canvas embroidered with beads are dutiable as embroidered manufactures of cotton, and not as bead ornaments.]

[3. Perforated cardboard, on which are printed sentences or mottoes to be filled in with embroidery, are manufactures of paper, and not printed matter.]

[4. Cardboard, on which is imprinted in colors an ornamental design or pattern for the purpose of showing the method of embroidering the pattern upon canvas, is a manufacture of paper.]

[5. Pattern books consisting of sheets of paper stitched or folded together, upon which designs or patterns are printed in colors, are dutiable as printed matter.]

[This was an action by A. Weihenmyer and others against Chester A. Arthur, collector of the port of New York, to recover excessive duties.]

Hartley & Coleman, for plaintiffs.
H. E. Tremain, Asst. U. S. Dist. Atty., for defendant.

SHIPMAN, District Judge. The court charges the jury as follows: The plaintiffs imported into the port of New York in the year 1874 three distinct classes of goods, which are mentioned in this bill of particulars, and upon each of which they seek to recover an alleged excess of duties which were paid to the collector under protest. The prerequisites which are required by the statute as necessary to sustain a suit against the collector have been duly complied with by the plaintiffs. The first class of goods is that commonly known as slipper patterns. They are made of cotton canvas, embroidered with the needle with worsted, or with worsted and silk, and are designed to be filled with more or less additional embroidery, and to be worked or manufactured into gentlemen's slippers. The only witness who testifies on the subject says that

the articles come under the general commercial term of embroideries, and that the term also includes articles of cotton, linen, or silk for ladies' and children's wear. The specific name of this article is slipper pattern. The plaintiffs contend that they are properly dutiable under the following clause of the Revised Statutes, approved June 22, 1874: "Embroidery—manufactures of cotton, linen, or silk, if embroidered or tamboured in the loom, or otherwise by machinery, or with the needle, or other process, not otherwise provided for, 35 per cent. ad valorem." The collector claims that the goods have been properly assessed under the clause of the same statute which provides a duty upon "flannels, blankets, hats of wool, knit goods, balmorals, woollen and worsted yarns, and all manufactures of every description, composed wholly or in part of worsted, the hair of the alpaca goat, or other like animals, except such as are composed in part of wool, not otherwise provided for." It is not necessary to consider whether the embroidery clause, which was originally enacted March 2, 1861, was or was not in force at the time of the revision, because section 5595 of the Revised Statutes provides as follows: "The foregoing seventy-nine titles embrace the statutes of the United States, general and permanent in their nature, in force on the first day of December, 1873, as revised and consolidated by commissioners appointed under an act of congress, and the same shall be designated and cited as the Revised Statutes of the United States." It is manifest that the embroidery clause was, at the time of the importation, a part of the tariff laws of the country. Neither is it necessary for me to determine whether the term "manufactures of every description, composed wholly or in part of worsted," is confined to a textile fabric of which worsted is a portion, and of the same class as the articles specifically mentioned in the worsted section, because I assume that, in the absence of a clause of the statute more specifically providing for articles of cotton, embroidered with worsted by the needle, such articles would be embraced in the worsted sections. Assuming therefore that, unless otherwise provided for, these articles should be properly classified as worsted goods, it seems to me that a more specific and definite classification has been made of these goods, in the embroidery clause, than in the worsted section. They are manufactures of cotton, and are embroidered with the needle, and do come within the general commercial term of embroidery, and are in ordinary language embroidered goods. The embroidery is their distinctive peculiarity. I am therefore of opinion that congress, after providing generally for worsted articles, intended to embrace manufactures of cotton, linen, or silk, if embroidered with any material save metal, in another class, and provides still another classification for articles embroidered with metal.

The second class of goods which was imported, consisted of slipper cases, which are

cotton canvas embroidered with beads, and intended to be attached to a back of ornamental wood, and then to be used as an ornamental piece of furniture and to hold slippers. The plaintiffs claim that this article comes within the embroidery clause, which has already been referred to. The collector insists that it is properly classified under the clause "all beads and bead ornaments except amber." The article is not, properly speaking, a bead ornament. It is to be made into an ornamental article for the dressing room or chamber, but in the condition in which it is imported, it cannot, with much precision in the use of language, be styled beads, or a bead ornament.

The third class is divisible into at least two subdivisions. The first class is perforated card board upon which are printed sentences, or mottoes, the letters of the sentences to be filled in with embroidery, and then to be used as ornaments for a room. The plaintiffs claim that these articles are "printed matter;" the defendant contends that they are "manufactures of paper." In my opinion it cannot be called "printed matter." It is manufactured for further ornamentation and use. The printed portion is designed merely to assist the purchaser in the subsequent ornamentation of the article, and the article was properly assessed by the collector.

One of the other two articles which remain for consideration was cardboard, upon which was imprinted in colors some ornamental design or pattern. The object was to show the purchaser how the pattern was to be embroidered upon canvas; and the various hues of worsted which were to be used in the embroidery. The other subdivision is what are called "pattern books," which are small sheets of paper stitched or folded together, upon which sheets are printed designs or patterns, to be used for the same purpose as the cardboard designs. In regard to these two subdivisions which I have last mentioned, the decision of the secretary of the treasury of September 17th, 1874, seems to me just and reasonable, from which I quote as follows: . . . "The distinction between 'manufactures of paper' and engravings or articles assimilated to engravings, prints, or articles assimilated to prints, printed matter or articles assimilated to printed matter, is somewhat difficult, but it is the intention of the department to construe such classification liberally, and not to impose the duty prescribed for manufactures of paper on articles other than those which constitute a change in the form of the paper. Printing on it with type, or by impression, or design, through the use of plates, does not effect such change. Where several sheets of paper are pressed together for embossing, such as heavy cards or other like articles, the rate applied to manufactures of paper should be imposed. Labels, ordinarily known and designated as printed labels, although prepared for affixing to any surface by some adhesive substance, are properly to be classed as printed matter." Adopting this distinction, which is as

good as any which can be made in my opinion, the duty upon the cardboard was properly assessed. The pattern books being simply paper, printed upon, from colored designs or plates, are printed matter. Let there be a verdict for plaintiffs upon these classes of articles, viz.: the slipper patterns, the bead slipper cases, and the patterns and books.